UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOIS BENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:20-cv-01850-AGF |
| | ) | |
| MARIA BOYREAU et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case arises out of a conflict between Plaintiff Lois Bender and Defendants Maria and Barbara Boyreau concerning the sale and distribution of a residential property in Michigan owned by Plaintiff, Maria Boyreau, and PHP/AJP, LLC.   The matter is now before the Court on Plaintiff's motion for leave to file a second amended complaint.  Doc. No. 18.   Plaintiff's proposed amendment adds factual allegations to support her claims, adds a claim for slander of title, and removes claims for deceptive business practices and promissory estoppel.   The motion was timely filed.   Defendants filed an untimely response objecting to amendment.   Doc. No. 23.

Prior to Plaintiff filing her motion for leave to file a second amended complaint, Defendants moved to dismiss Plaintiff's first amended complaint.   Doc. No. 11.  Plaintiff filed a motion to strike the affidavit of Defendant Barbara Boyreau, Doc. No. 16, as well as a response in opposition of Defendants' motion to dismiss.   Doc. No. 22.  Defendants filed motion for leave to substitute Defendant Barbara Boyreau's affidavit, Doc. No. 19, and Plaintiff filed a response in opposition.   Doc. No. 20.

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave [to amend pleadings] when justice so requires." Notwithstanding this liberal standard, a court may deny leave to amend where the proposed amendment would be futile or cause unfair prejudice to the opposing party. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011). Defendants argue that amendment would be futile and Plaintiff's motive is improper because Plaintiff is attempting to avoid personal jurisdiction issues. Given the very early stage of this case and the overlap of facts underlying the claims in both the original and proposed amended complaints, the Court does not believe that Defendants would be unfairly prejudiced by the proposed amendment. Defendants may incorporate by reference their prior arguments should they file a motion to dismiss the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a second amended complaint is **GRANTED**. ECF No. 18. The Clerk of Court shall detach ECF No. 18-1 and file it as Plaintiff's Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's First Amended Complaint is **DISMISSED without prejudice, as moot**. ECF No. 11.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike the affidavit of Defendant Barbara Boyreau is **DISMISSED without prejudice, as moot**. ECF No. 16.

**IT IS FURTHER ORDERED** that Defendants' motion to substitute the affidavit of Defendants Barbara Boyreau and Maria Boyreau is **DISMISSED without prejudice, as moot**. ECF No. 19.

*[signature: Audrey G. Fleissig]*

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2021.